IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE WILLIAMS | ) | |
| | ) | |
| V. | ) | 3-02-CV-859-G |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner Bruce Williams ("Petitioner" or "Williams") is an inmate confined at the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) awaiting execution which was imposed as punishment for the offense of capital murder.

The Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

Statement of the Case: Petitioner was convicted of capital murder and sentenced to death. State v. Williams, No. F-99-01680-VU (291st Judicial District Court, Dallas, Texas, November 4, 1999). His conviction and sentence were affirmed on direct appeal. Williams v. State, No. 73,696

(Tex.Crim.App. 2002) (unpublished). Petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied. Williams v. Texas, 537 U.S. 1049, 123 S.Ct. 661, 154 L.Ed.2d 524 (2002). Petitioner subsequently filed an application for writ of habeas corpus in state court which was denied. Ex parte Williams, No. 50-422-01 (Tex.Crim.App. 2002) (unpublished). The present petition was filed in this court on November 26, 2003.

During the pendency of the present action the United States Supreme Court granted certiorari to consider a decision of the Supreme Court of Missouri wherein the state court held that the execution of a defendant convicted of a capital crime, committed when the defendant was under the age of eighteen years, constituted "cruel and unusual punishment" in violation of the Eighth Amendment. See Roper v. Simmons, 540 U.S. 1160, 124 S.Ct. 1171 (2004). In light of the Supreme Court's decision to review the Missouri supreme court's decision and the fact that the ultimate decision rendered would likely inform the merits of at least one, if not all, of the issues raised in Williams's petition, consideration of the petition has been deferred pending the Supreme Court's decision. On March 1, 2005, the Supreme Court issued its opinion in Roper v. Simmons, 543 U.S. ___, 125 S.Ct. 1183 (2005) affirming the decision of the Supreme Court of Missouri. By order filed on March 15, 2005, the undersigned directed further briefing on the issues raised in the petition in light of the Supreme Court's decision in Roper, and on April 12, 2005, Respondent filed his supplemental brief conceding that the death penalty could not be imposed against Williams if he had been under the age of eighteen years when he murdered Parike Kisuwam in the course of kidnapping, sexual assault and robbery.

Findings and Conclusions: In four grounds for relief, Petitioner claims (1) that his execution would violate the Eighth Amendment's prohibition against cruel and unusual punishment because

he was seventeen years old at the time of the offense; (2) that the trial court violated his Fourteenth Amendment right to due process by denying his requested jury instruction on parole eligibility; (3) that his Sixth Amendment right to the effective assistance of counsel was violated when his lawyer was prevented from examining prospective jurors on their views regarding parole eligibility; and (4) that the state appellate court denied his Fourteenth Amendment right to due process when it refused to review the sufficiency of evidence to support the jury's answer to the mitigation special issue in the punishment phase.

As noted above, in his supplemental brief Respondent concedes that Roper controls, but submits that Williams has not established that he was less than eighteen years of age on the date of the murder. Respondent further states that were Petitioner to make such a showing that

> [T]he court should conditionally grant relief as to this punishment phase issue, dismiss the remaining issues as moot, and order that Respondent Doug Dretke release Williams from custody unless, within 180 days from the date the Order is entered, the State of Texas commutes Williams's death sentence to imprisonment for life.

(Respondent's Supplemental Brief at 2, n. 1).

The trial record is replete with references to Petitioner's age. His date of birth appears on the face of the indictment, and the indictment alleges an offense date of "on or about February 3, 1999." Uncontroverted documentary and testimonial evidence was offered to establish his date of birth and/or his age at the time the offense was committed, during the course of the criminal trial. In addressing Petitioner's claims asserted in his art. 11.07 application the trial court specifically found: "The Court finds that applicant was a young man of seventeen when he committed this offense." See No. 50422-01 [W99-0168-V(a)] at 0313, ¶ 40. In its order filed on April 17, 2002, the Texas Court of Criminal Appeals expressly adopted the trial court's findings of fact. §

2254(e)(1) applies a presumption of correctness to factual findings made by a State court. In light of this fact as found by the Texas courts and the Supreme Court's decision in <u>Roper v. Simmons</u>, <u>supra</u>, Williams is entitled to conditional relief on his first ground.

If relief is granted on Petitioner's first ground, the undersigned is of the opinion that the remaining grounds are rendered moot, each of which relates to the issue of punishment, rather than to the jury's determination that Williams was guilty of capital murder. The Texas capital murder punishment scheme provides only two alternative sentencing options - execution or life imprisonment. <u>E.g. see</u> <u>Tigner v. Cockrell</u>, 264 F.3d 521, 525 (5th Cir. 2001). Moreover, as the United States Supreme Court has noted on more than one occasion, a state prisoner is entitled to a parole-ineligibility instruction <u>only</u> when state law imposes a life without parole punishment alternative. <u>See</u> <u>Simmons v. South Carolina</u>, 512 U.S. 154, 168 and n.8, 114 S.Ct. 2187, 2196 (1994); <u>Ramdass v. Angebone</u>, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). Accordingly, even if it be determined that Williams's remaining claims are not moot, he is not entitled to relief on the merits. <u>See</u> § 2254(d)(1).

<u>RECOMMENDATION</u>:

For the foregoing reasons it is recommended that habeas corpus relief be conditionally granted on Petitioner's first ground and that Respondent Douglas Dretke should be ordered to release Williams from custody unless, within 60 days from the date the order is entered, unless extended on further order of the court, the State of Texas commutes Williams's death sentence to life imprisonment.

It is further recommended that Petitioner's remaining grounds be dismissed as moot, or in

the alternative that they be denied on the merits.

SIGNED this 11th day of May, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.